IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SIEU PHONG NGO, | ) | No. C 08-0620 JSW (PR) |
| Petitioner, | ) | |
| | ) | **ORDER TO SHOW CAUSE** |
| vs. | ) | |
| | ) | |
| BEN CURRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

### INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Correctional Training Facility in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision by the California Board of Parole Hearings ("Board") to deny Petitioner parole. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

### BACKGROUND

According to the petition, Petitioner was convicted of second degree murder in Orange County Superior Court, and, on October 21, 1993, the trial court sentenced him to a term of 15 years-to-life in state prison plus one year. In 2006, the Board found Petitioner unsuitable for parole. Petitioner challenged this decision unsuccessfully in all three levels of the California courts, and thereafter filed the instant petition for a writ of habeas corpus.

**DISCUSSION**

I       Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II      Legal Claims

Petitioner alleges that the Board's decision violated his right to due process because it was not supported by some evidence and it solely relied on Petitioner's commitment offense.  Liberally construed, the allegations are sufficient to warrant a response from Respondent.  *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *see, e.g., Morales. v. California Dep't of Corrections*, 16 F.3d 1001, 1005 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 499 (1995).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond

to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4.   It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  May 6, 2008

_____
JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SIEU PHONG NGO,

           Plaintiff,

   v.

BEN CURRY et al,

           Defendant.

_____/

Case Number: CV08-00620 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sieu Phong Ngo J-07024
Correctional Training Facility
P.O. Box 689
B-319U
Soledad, CA 93960-0689

Dated: May 6, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk