*E-FILED - 10/19/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIEU PHONG NGO, ) | No. C 08-0620 RMW (PR) |
| ) | |
| Petitioner, ) | ORDER GRANTING |
| ) | RESPONDENT'S MOTION FOR |
| v. ) | STAY PENDING APPEAL |
| ) | |
| BEN CURRY, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Presently before the court is respondent's Motion to Stay this Court's September 28, 2010 Order. In the alternative, respondent requests a temporary stay so that he may seek a stay in the Ninth Circuit Court of Appeal. For the reasons below, the court GRANTS respondent's motion for a stay pending appeal.

Respondent argues that application of the balancing test set forth in Hilton v. Braunskill, 481 U.S. 770 (1987), weighs in favor of the court granting a stay. Factors to consider in determining whether to issue a stay of release are generally the same as those governing stays of civil judgments: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Id. at 776.

In the court's order granting petitioner's petition for writ of habeas corpus, the court

1  directed the California Board of Parole Hearings ("Board") to set a parole date for petitioner in
2  accordance with Section 3041(a) of the California Penal Code, in reliance on Pirtle v. California
3  Bd. Of Prison Terms, 611 F.3d 1015, 1025 (9th Cir. 2010).  However, the Ninth Circuit recently
4  granted a motion to stay an order granting habeas relief in Haggard v. Curry, No. 10-16819,
5  2010 WL 4015006 (9th Cir. Oct. 12, 2010) (per curiam) (order), and concluded that "where the
6  Board's parole denial decision is not based on "some evidence" of current dangerousness, the
7  California-created, but federally enforceable, liberty interest in parole gives the prisoner only the
8  right to a redetermination by the Board consistent with the state's "some evidence" requirement,
9  not the right to release on parole."  Id. at *5 (relying on In re Prather, 50 Cal. 4th 238 (2010),
10 which refined the scope of California prisoners' liberty interest in parole).  Thus, considering the
11 factors delineated by Hilton, 41 U.S. at 776, and the Ninth Circuit's analysis in Haggard, the
12 court GRANTS respondent's request for a stay pending appeal.  The court's September 28, 2010
13 order directing the Board to set a parole date for petitioner is hereby STAYED.

14      IT IS SO ORDERED.
15 Dated:  10/18/10                              /s/ Ronald M. Whyte
                                                 RONALD M. WHYTE
16                                               United States District Judge

Order Granting Respondent's Motion to Stay Pending Appeal
P:\PRO-SE\SJ.Rmw\HC.08\Ngo620grantstay.wpd       2